## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

ANGELICA LEE RITTER NOTHIGER,

      Plaintiff,

v.                                    No. 2:24-cv-00829-JHR

STATE OF NEW MEXICO,
JAMES A. MASON and
SALVADOR SAMBRANO,

      Defendants.

### MEMORANDUM OPINION AND ORDER

Plaintiff, who is proceeding *pro se*, filed a Complaint, a Notice and an Application to Proceed without Prepaying Fees or Costs.  *See* Bill in Equity for Deprivation of Rights and Injury Under Color of Law, Doc. 1, filed August 20, 2024 ("Complaint"); Notice of Conflicts and Variance Special Petition to Proceed Ex Parte, In Camera Hearing, Doc. 2, filed August 20, 2024 ("Notice"); Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form), Doc. 3, filed August 20, 2024 ("Short Form Application").

The Court notes the following deficiencies in the Complaint, Notice and Application and orders Plaintiff to address those deficiencies.  *See Lowrey v. Sandoval County Children Youth and Families Department,* 2023WL4560223 *2 (10th Cir. July 17, 2023) (stating: "Given a referral for non-dispositive pretrial matters, a magistrate judge may point out deficiencies in the complaint [and] order a litigant to show cause") (citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P.  72(a)).

**Plaintiff's Notice**

Plaintiff "request[s] the following special requirements by this honorable court be met in order to protect and preserve the ends of justice and the rights and interests of the parties of this

suit." Notice at 1 (listing requests including to "proceed under seal, ex parte" and an "evidentiary hearing with judge in private chambers to enter private, proprietary evidence"). Plaintiff attached an affidavit to her Notice which, among other things, describes Plaintiff's purported rights and:

> Respectfully demand[s] that this court, acting in good faith, with clean hands and due diligence show cause to the contrary by express, written, and sworn documentation and affidavit that the above [affidavit statements] is untrue point for point, within 10 days from receipt of this Notice. Failure to show cause shall be construed as the courts [sic] agreement, consent and acquiescence to the facts herein, the status and standing of the Affiant/complainant to this equitable cause.

Notice at 4-11

This case will proceed according the Federal and Local Rules of Civil Procedure, the Federal Rules of Evidence, statutory law, and United States Supreme Court and Tenth Circuit precedent. *See Oklahoma Radio Assoc. v. Federal Deposit Ins. Corp.*, 969 F.2d 940, 942 (10th Cir. 1992) ("the Federal Rules of Civil Procedure have the force and effect of a federal statute"); *United States v. Spedalieri*, 910 F.3d 707, 709 n.2 (10th Cir. 1990) ("A district court must follow the precedent of this circuit"). Any requests Plaintiff makes must be in the form of a motion, must state with particularity the grounds and the relief sought and must cite authority in support of the legal positions advanced. *See* D.N.M.LR-Civ.7.1(a), 7.3(a), 10.1 (text must be double spaced).

The Court notifies Plaintiff:

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website:  http://www.nmd.uscourts.gov.

**Public's Right to Access to Judicial Records**

The Clerk's Office has temporarily restricted access to the Complaint and Notice based on Plaintiff's statements that: (i) the "nature of suit is extraordinary, special, exigent and private restricted, confidential, proprietary and privileged, **not for publication**;" and (ii) "I am required to do equity and thus requires this suit to exclude the public and the press in order to protect the complainant, the court officers and the trustees from censorship clause in 1917 TWEA; also, due to the purely equitable nature of Affiant's rights require the public and press to be excluded during the entirety of the proceeding."  Notice at 2, 9 (emphasis in original).

> "Courts have long recognized a common-law right of access to judicial records," but this right "is not absolute." *Mann v. Boatright,* 477 F.3d 1140, 1149 (10th Cir.2007); *see, e.g., Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978) ("It is *uncontested* ... that the right to inspect and copy judicial records is not absolute." (emphasis added)). We may, in our discretion, "seal documents if the public's right of access is outweighed by competing interests." *Helm v. Kansas,* 656 F.3d 1277, 1292 (10th Cir.2011) (quoting *United States v. Hickey,* 767 F.2d 705, 708 (10th Cir.1985)) (internal quotation marks omitted). "In exercising this discretion, we weigh the interests of the public, which are presumptively paramount, against those advanced by the parties." *Id.* (quoting *Crystal Grower's Corp. v. Dobbins,* 616 F.2d 458, 461 (10th Cir.1980)) (internal quotation marks omitted). To overcome this presumption against sealing, the party seeking to seal records "must articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process." *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.,* 663 F.3d 1124, 1135–36 (10th Cir.2011) (quoting *Helm,* 656 F.3d at 1292) (internal quotation marks omitted).

*JetAway Aviation, LLC v. Bd. Of County Comm'rs of County of Montrose, Colo.*, 754 F.3d 824, 826 (10th Cir. 2014).

Plaintiff's vague statements regarding the nature of the suit, the need to protect Plaintiff and Plaintiff's rights are not sufficient to overcome the presumption against sealing documents in this case.  The Court orders Plaintiff to show cause why the Court should restrict the public's access to the records in this case.

**The Complaint**

This case arises from a traffic stop of Plaintiff by Defendant Sambrano, who is a New Mexico State Police Officer. *See* Complaint at 2. Plaintiff received citations for no proof of insurance, improper display of registration plate, no evidence of registration, and speeding. *See* Complaint at 2. After notifying the Otero County Magistrate Court that the citations were void, Plaintiff received a criminal summons stating that if she did not appear on January 18, 2024, a warrant will be issued for her arrest. *See* Complaint at 2-3. Plaintiff later attended an arraignment, attended a bench trial via google meet on July 3, 2024, and on July 11, 2024, received notice of a bench trial set for August 28, 2024. *See* Complaint at 4-5. Defendant Judge James A. Mason presided over Plaintiff's case. *See* Complaint at 2. Plaintiff states Defendant State of New Mexico is the employer of Defendants Sambrano and Mason. *See* Complaint at 2. Plaintiff seeks monetary "reimbursement for injury in being forced to specially visit Otero County Magistrate Court even though she has given plenty of Notice to the Courts and Officer Salvador Sambrano of her Private Non-Statutory civilian status." Complaint at 5-6.

It does not appear that the Court has jurisdiction over Plaintiff's claims against the State of New Mexico.

> Generally, states and their agencies are protected from suit by sovereign immunity, as guaranteed by the Eleventh Amendment. "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trs. of Univ. of Ala. v. Garrett,* 531 U.S. 356, 363, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001). However, there are three exceptions to the Eleventh Amendment's guarantee of sovereign immunity to states:
>
> > First, a state may consent to suit in federal court. Second, Congress may abrogate a state's sovereign immunity by appropriate legislation when it acts under Section 5 of the Fourteenth Amendment. Finally, under *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief.

*Muscogee (Creek) Nation v. Pruitt,* 669 F.3d 1159, 1166 (10th Cir.2012) (internal citations omitted and altered).

*Levy v. Kansas Dept. of Social and Rehabilitation Services*, 789 F.3d 1164, 1169 (10th Cir. 2015). The Complaint does not show that the State of New Mexico has consented to suit, that Congress has abrogated the State of New Mexico's immunity by legislation or that Plaintiff is seeking prospective relief for ongoing violations of federal law.

The Complaint fails to state a claim against Defendant Mason, who is a state court judge. "[S]tate court judges are absolutely immune from monetary damages claims for actions taken in their judicial capacity, unless the actions are taken in the complete absence of all jurisdiction." *Sawyer v. Gorman*, 317 Fed.Appx. 725, 727 (10th Cir. 2008) (*quoting Mireles v. Waco,* 502 U.S. 9, 11-12 (1991)); *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority"). There are no allegations in the Complaint showing that Defendant Judge Mason's actions were taken in the complete absence of all jurisdiction.

The Complaint fails to state a claim against Defendant Sambrano, the New Mexico State Police Officer who conducted the traffic stop on Plaintiff. Plaintiff seeks damages for "being forced to specially visit Otero County Magistrate Court even though she has given plenty of Notice to the courts and Officer Salvador Sambrano of her Private Non-Statutory civilian status." There are no factual allegations showing that Defendant Sambrano deprived Plaintiff of a liberty interest by forcing Plaintiff to attend court without due process. *See Denver Homeless Out Loud v. Denver, Colorado*, 32 F.4th 1259, 1276 (10th Cir. 2022) ("This court asks two questions when considering a procedural-due-process claim: (1) Did the plaintiff possess a protected property or liberty interest

to which due process protections apply? And if so, (2) was the plaintiff afforded an appropriate level of process?").

The Court orders Plaintiff to show cause why the Court should not dismiss Plaintiff's claims against the State of New Mexico, Defendant Mason, and Defendant Sambrano.  If Plaintiff asserts the Court should not dismiss Plaintiff's claims, Plaintiff must file an amended complaint.  The amended complaint must comply with the Federal and Local Rules of Civil Procedure.

**Application to Proceed *In Forma Pauperis***

Plaintiff filed a motion to proceed *in forma pauperis* using an Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)" ("Short Form Application").  *See* Doc. 3, filed August 20, 2024.  The Short Form Application does not provide sufficient information for the Court to determine whether a plaintiff is unable to pay the required fees.  The Court requires plaintiffs seeking to proceed without prepaying fees to file the Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) ("Long Form Application").  Failure to file a Long Form Application within twenty-one (21) days from entry of this Order *or* failure to follow all instructions in the Long Form Application may result in denial of the motion to proceed *in forma pauperis.*

**Compliance with Rule 11**

The Court reminds Plaintiff of her obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.").  Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's

knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

**(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

**(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives.  *See* Fed. R. Civ. P. 11(c).

**Notice Regarding Compliance with Orders and Rules**

Failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial process and may result in monetary and non-monetary sanctions including filing restrictions and dismissal of this case.  *See* Fed. R. Civ. P. 11(c); *see also Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003) ("Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action with prejudice if the plaintiff fails to comply with [the Federal Rules of Civil Procedure] or any order of court").

**IT IS ORDERED** that:

(i)    Plaintiff shall, within 21 days of entry of this Order, show cause why the Court should restrict the public's access to the records in this case.  Failure to timely show cause may result in the Court unsealing the currently sealed documents.

(ii)   Plaintiff shall, within 21 days of entry of this Order: (a) show cause why the Court should not dismiss Plaintiff's claims; and (b) file a second amended complaint.

Failure to timely show cause and file an amended complaint may result in dismissal of this case.

(i)     Plaintiff shall, within 21 days of entry of this Order, file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form).  Failure to timely file a Long Form Application may result in may result in denial of the motion to proceed *in forma pauperis*.

(ii)    The Clerk shall send to Plaintiff a copy of this Order and an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form).

_____

**HON. JERRY H. RITTER**
**UNITED STATES MAGISTRATE JUDGE**