IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANGELICA LEE RITTER NOTHIGER,

      Plaintiff,

v.                                                        No. 2:24-cv-00829-DHU-JHR

STATE OF NEW MEXICO,
JAMES A. MASON and
SALVADOR SAMBRANO,

      Defendants.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

This case arises from a traffic stop of Plaintiff by Defendant Sambrano, who is a New Mexico State Police Officer. *See* Bill in Equity for Deprivation of Rights and Injury Under Color of Law at 2, Doc. 1, filed August 20, 2024 ("Complaint"). Plaintiff received citations for no proof of insurance, improper display of registration plate, no evidence of registration, and speeding. *See* Complaint at 2. After notifying the Otero County Magistrate Court that the citations were void, Plaintiff received a criminal summons stating that if she did not appear on January 18, 2024, a warrant will be issued for her arrest. *See* Complaint at 2-3. Plaintiff later attended an arraignment, attended a bench trial via google meet on July 3, 2024, and on July 11, 2024, received notice of a bench trial set for August 28, 2024. *See* Complaint at 4-5. Defendant Judge James A. Mason presided over Plaintiff's case. *See* Complaint at 2. Plaintiff states Defendant State of New Mexico is the employer of Defendants Sambrano and Mason. *See* Complaint at 2. Plaintiff seeks monetary "reimbursement for injury in being forced to specially visit Otero County Magistrate Court even though she has given plenty of Notice to the Courts and Officer Salvador Sambrano of her Private Non-Statutory civilian status." Complaint at 5-6.

United States Magistrate Judge Jerry H. Ritter notified Plaintiff:

It does not appear that the Court has jurisdiction over Plaintiff's claims against the State of New Mexico.

> Generally, states and their agencies are protected from suit by sovereign immunity, as guaranteed by the Eleventh Amendment. "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trs. of Univ. of Ala. v. Garrett,* 531 U.S. 356, 363, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001). However, there are three exceptions to the Eleventh Amendment's guarantee of sovereign immunity to states:
>
> > First, a state may consent to suit in federal court. Second, Congress may abrogate a state's sovereign immunity by appropriate legislation when it acts under Section 5 of the Fourteenth Amendment. Finally, under *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief.
>
> *Muscogee (Creek) Nation v. Pruitt,* 669 F.3d 1159, 1166 (10th Cir.2012) (internal citations omitted and altered).

*Levy v. Kansas Dept. of Social and Rehabilitation Services*, 789 F.3d 1164, 1169 (10th Cir. 2015). The Complaint does not show that the State of New Mexico has consented to suit, that Congress has abrogated the State of New Mexico's immunity by legislation or that Plaintiff is seeking prospective relief for ongoing violations of federal law.

The Complaint fails to state a claim against Defendant Mason, who is a state court judge. "[S]tate court judges are absolutely immune from monetary damages claims for actions taken in their judicial capacity, unless the actions are taken in the complete absence of all jurisdiction." *Sawyer v. Gorman*, 317 Fed.Appx. 725, 727 (10th Cir. 2008) (*quoting Mireles v. Waco,* 502 U.S. 9, 11-12 (1991)); *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority"). There are no allegations in the Complaint showing that Defendant Judge Mason's actions were taken in the complete absence of all jurisdiction.

> The Complaint fails to state a claim against Defendant Sambrano, the New Mexico State Police Officer who conducted the traffic stop on Plaintiff.  Plaintiff seeks damages for "being forced to specially visit Otero County Magistrate Court even though she has given plenty of Notice to the courts and Officer Salvador Sambrano of her Private Non-Statutory civilian status."  There are no factual allegations showing that Defendant Sambrano deprived Plaintiff of a liberty interest by forcing Plaintiff to attend court without due process.  *See Denver Homeless Out Loud v. Denver, Colorado*, 32 F.4th 1259, 1276 (10th Cir. 2022) ("This court asks two questions when considering a procedural-due-process claim: (1) Did the plaintiff possess a protected property or liberty interest to which due process protections apply? And if so, (2) was the plaintiff afforded an appropriate level of process?").

Order to Show Cause at 4-6, Doc. 5, filed August 22, 2024.  Judge Ritter ordered Plaintiff to show cause why the Court should not dismiss Plaintiff's claims against the State of New Mexico, Defendant Mason and Defendant Sambrano and to file an amended complaint.  Judge Ritter notified Plaintiff that failure to timely show cause and file an amended complaint may result in dismissal of this case.  Plaintiff did not show cause or file an amended complaint by the September 12, 2024, deadline.

The Court dismisses this case without prejudice because: (i) the Complaint fails to state claims; (ii) Plaintiff did not show cause why the Court should not dismiss Plaintiff's claims; and (iii) Plaintiff did not file an amended complaint or otherwise respond to the Order to Show Cause.

The Clerk's Office temporarily restricted access to the Complaint and a Notice based on Plaintiff's statements that: (i) the "nature of suit is extraordinary, special, exigent and private restricted, confidential, proprietary and privileged, **not for publication**;" and (ii) "I am required to do equity and thus requires this suit to exclude the public and the press in order to protect the complainant, the court officers and the trustees from censorship clause in 1917 TWEA; also, due to the purely equitable nature of Affiant's rights require the public and press to be excluded during the entirety of the proceeding."  Notice at 2, 9 (emphasis in original).

Judge Ritter notified Plaintiff:

3

> "Courts have long recognized a common-law right of access to judicial records," but this right "is not absolute." *Mann v. Boatright,* 477 F.3d 1140, 1149 (10th Cir.2007); *see, e.g., Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978) ("It is *uncontested* ... that the right to inspect and copy judicial records is not absolute." (emphasis added)). We may, in our discretion, "seal documents if the public's right of access is outweighed by competing interests." *Helm v. Kansas,* 656 F.3d 1277, 1292 (10th Cir.2011) (quoting *United States v. Hickey,* 767 F.2d 705, 708 (10th Cir.1985)) (internal quotation marks omitted). "In exercising this discretion, we weigh the interests of the public, which are presumptively paramount, against those advanced by the parties." *Id.* (quoting *Crystal Grower's Corp. v. Dobbins,* 616 F.2d 458, 461 (10th Cir.1980)) (internal quotation marks omitted). To overcome this presumption against sealing, the party seeking to seal records "must articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process." *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.,* 663 F.3d 1124, 1135–36 (10th Cir.2011) (quoting *Helm,* 656 F.3d at 1292) (internal quotation marks omitted).
>
> *JetAway Aviation, LLC v. Bd. Of County Comm'rs of County of Montrose, Colo.*, 754 F.3d 824, 826 (10th Cir. 2014).
>
> Plaintiff's vague statements regarding the nature of the suit, the need to protect Plaintiff and Plaintiff's rights are no sufficient to overcome the presumption against sealing documents in this case.

Order to Show Cause at 3.  Judge Ritter ordered Plaintiff to show cause why the Court should restrict the public's access to the records in this case and notified Plaintiff that failure to timely show cause may result in the Court unsealing the currently sealed documents.  *See* Order to Show Cause at 7.  The Court directs the Clerk to unseal the currently sealed documents in this case because Plaintiff did not show cause why the Court should restrict the public's access to those documents by the September 12, 2024, deadline.

**IT IS ORDERED** that:

(i)     This case is **DISMISSED without prejudice.**

(ii)    The Clerk shall unseal the currently sealed documents in this case.

4

_____
**UNITED STATES DISTRICT JUDGE**